UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LEONARD CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:19-cv-00011-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UTILIZATION REVIEW CMTE., et al, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Leonard Clark has filed a *pro se* civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Clark's complaint and the attached materials indicate that his trachea was crushed in an accident in 1994. He has been a federal prisoner since 2003 following his arrest and conviction for drug trafficking in Chicago. In 2014, an otolaryngologist in Illinois recommended surgery to reconstruct his trachea. After Clark was transferred to the federal penitentiary in Pine Knot, Kentucky, in August 2015 a different otolaryngologist recommended "corking" the tracheostomy instead. Clark protested, and in August 2016 Clark was evaluated by Dr. Santiago, yet another

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

otolaryngologist. Dr. Santiago expressed concern that Clark might be suffering from tracheal stenosis (a narrowing of the windpipe which can cause difficulty breathing), and recommended that a CT scan be performed and that he be assessed by a pulmonary specialist. Clark complains that when he was taken in February 2017 to see Dr. Mahen, an outside cardiothoracic physician, unidentified prison medical staff intentionally failed to send along the medical records Dr. Mahen needed to properly evaluate him. He further alleges that Dr. Mahen also recommended a CT scan, but that Clinical Director Vibeke Dankwa and other unnamed members of the Utilization Review Committee ("URC") denied that request. Clark alleges that Assistant Warden B. Barron failed to conduct an adequate investigation before "rubber stamping" the URC's decision and denying Clark's inmate grievance in March 2017. He further alleges that after his inmate grievance appeals were denied by the Bureau of Prisons' Regional Director in May 2017 and by the Central Office Director in July 2017, the reconstructive surgery was not performed. As a result, Clark indicates that he has difficulty breathing and periodically suffers from infections or coughs up blood. [R. 1-4 at Page ID #20-21, 23-30]

Clark separately asserts that after he first protested the August 2015 recommendation to "cork" his tracheostomy, BOP physicians assistant West and Health Services Administrator R. Jones retaliated against him. Specifically, at some point before March 2016 they determined that he would no longer be allowed to clean the tracheostomy tube with peroxide or saline water in the medical department. Instead, they required Clark to clean the tube in his cell, and would only provide him with two care kits per week to do so. [R. 1-4 at Page ID #22-23]

The Court has thoroughly reviewed Clark's complaint and its supporting materials, but concludes that it must be dismissed because the claims within it are barred by the statute of limitations. The Court may dismiss a claim plainly barred by the applicable limitations period

upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations.").

Here, Clark complains of actions taken by various prison officials beginning in August 2016 and concluding, at the latest, when the BOP's Central Office denied his appeal regarding receiving a CT scan and/or reconstructive surgery in July 2017. His claims accrued no later than this date once was aware of the basis for them.[2] *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Clark now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries

---

[2] Indeed, in October 2017 Clark filed a petition for a writ of habeas corpus based upon the same medical claims asserted here. That petition was denied for failure to pay the filing fee. *Clark v. Ormond*, No. 6: 17-CV-293-DCR (E.D. Ky. 2017). Clark filed a second habeas petition one month later and paid the filing fee, but the Court denied that petition without prejudice in November 2017, explaining to Clark that he must assert his medical claims in a civil rights complaint. The Court sent Clark a civil rights complaint form, a motion to proceed *in forma pauperis*, and a certificate of inmate account. *Clark v. Ormond*, No. 6: 17-CV-318-GFVT (E.D. Ky. 2017). In 2018 Clark filed two habeas petitions challenging his sentence, but did not file a complaint regarding his medical care until he filed this action in December 2018. Clark was therefore actually aware that he had present, actionable claims by October 2017, and his failure to assert them until December 22, 2018 renders them time-barred.

applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). However, Clark did not file suit until December 22, 2018, the date he signed his complaint. See *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("... a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. ... absent contrary evidence, a prisoner does so on the date he or she signed the complaint."). This is more than one year after the latest of the dates when his claims accrued, and his complaint is therefore time-barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001). Clark's claims are independently subject to dismissal on several other grounds, but the foregoing is sufficient to warrant dismissal of the complaint.

Accordingly, it is **ORDERED** as follows:

1. Leonard Clark's complaint [R. 1] is **DISMISSED**, with prejudice.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 8th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge